UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION DOUGLAS MEMMOTT,<br><br>Plaintiff,<br><br>v.<br><br>BONNIE MANNING, et al.,<br><br>Defendants. | No. 2:24-cv-1395-TLN-CKD PS<br><br><br>ORDER |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Proceeding without counsel, plaintiff filed a complaint and a motion to proceed in forma pauperis on May 16, 2024. (ECF Nos. 1, 2.) Before the complaint could be screened, plaintiff filed a first amended complaint on August 23, 2024. (ECF No. 3.) On September 24, 2024 the court issued an order to show cause directing the plaintiff to address whether the action should be transferred to the United States District Court for the Western District of North Carolina. (ECF No. 4.) Plaintiff responded on October 10, 2024, requesting that the case not be transferred. (ECF No. 5.) Because venue does not lie in this district, however, this action will be transferred to the United States District Court for the Western District of North Carolina.

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or

1

division in which it could have been brought." 28 U.S.C. § 1406(a). Relatedly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Here, the plaintiff acknowledges that both named defendants are residents of North Carolina and "[t]he real property which is the subject of this action is located at 2829 Long Circle, Iron Station, North Carolina 28080." (ECF No. 1.)

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The Due Process Clause of the Fourteenth Amendment limits a court's ability to exercise personal jurisdiction over nonresident defendants. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Walden, 571 U.S. at 283 (internal citations and quotation marks omitted).

As set forth, neither of the defendants are residents of this district for the purpose of determining venue. Further, the property that is the subject of the dispute is in North Carolina. Finally, the complaint's allegations do not establish that "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). Although plaintiff asserts that he received communications regarding the subject dispute in this district, that is insufficient to establish venue in the Eastern District of California.

Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" if it is "in the interest of justice" to do so. If a district court, in its discretion, denies such a transfer, then the court must dismiss the suit. 28 U.S.C. § 1406(a).

2

Case 5:25-cv-00034-KDB-SCR     Document 6     Filed 03/11/25     Page 2 of 3

Here, the defendants and the property which is the subject of the dispute are in the Western District of North Carolina. Even if venue could lie in this district, the court finds that in the interest of justice, the Western District of North Carolina is a more appropriate venue because a substantial part of the events giving rise to the claim took place within that forum. See 28 U.S.C. § 1404(a).

Therefore, the court transfers this action to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a). In transferring this action, this court expresses no opinion regarding the merits of plaintiff's claims.

### III. Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED that:

1. The action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).

2. The Clerk of Court shall close this case.[1]

Dated: March 11, 2025

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDMemmott1395

---

[1] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the Western District of North Carolina.